# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOL AND JACQUELINE** | * | |
| **GOTARD** | * | |
| | * | **DOCKET NUMBER  2015-cv-00687** |
| | | * |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE:** |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF REMOVAL

Defendant State Farm Fire And Casualty Company, appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

### I.  PROCEDURAL HISTORY

1.

Plaintiffs, Sol Gothard and Jaqueline Gothard ("Plaintiffs") filed this lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against State Farm Fire and Casualty Company, ("State Farm") on January 15, 2015.  The case was captioned "*Sol and Jacqueline Gothard versus State Farm Fire and Casualty Company*", Docket No. 745,856, Division G.  (*See* Plaintiffs' Petition for Damages and Proof of Service upon State Farm through the La. Secretary of State on February 3, 2015, attached hereto and marked for identification as Exhibit "A.)

Case 2:15-cv-00687-LMA-KWR   Document 1   Filed 03/04/15   Page 2 of 8

2.

Plaintiffs seek additional payments and damages for breach of contract due to State Farm's alleged failure to pay under Plaintiffs' State Farm policy for damage occurring on January 20, 2014 as a result of the "collapse of the sewer lines" which Plaintiffs paid to repair. (See Exh. A. Petition ¶8-9.)

3.

State Farm removes this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS.**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'"  *Grant v. Chevron*

*Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995))

6.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "Plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed \$75,000." *Grant v. Chevron Phillips Chemical Co*., 309 F.3d 864, 869 (5th Cir. 2002), quoting *DeAguilar v. Boeing Co.,* 47 So. 3d 1404 (5th Cir. 1995).

7.

Plaintiffs' petition and the facts as set forth in State Farm's removal petition establish that the amount in controversy exceeds SEVENTY-FIVE THOURSAND and NO/100s (\$75,000.00) DOLLARS, exclusive of interest and costs.  Plaintiffs specify in the petition that they have spent \$27,045.00 to repair the collapsed sewer lines. (See Exh. A. Petition ¶8).

8.

Plaintiffs' Petition for Damages does not offer a binding stipulation that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of \$75,000.00, as would be required pursuant to *Davis v. State Farm Fire & Cas.*, Nos. 06-0560, et al , 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (J. Vance) (unpublished)   ("Because Louisiana Plaintiffs are not limited to recovery of the damages requested in their pleadings, a Plaintiff must affirmatively renounce the right to accept a judgment in excess of \$ 75,000 for his pre-removal state court pleadings and stipulations to bind him.").  *Accord Treadway v. State Farm*, 2012 U.S. LEXIS 8536 at *5 (E.D. La. Jan. 25, 2012) (unpublished) (J.Feldman).

9.

When the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy, plus any penalties allowed by state law. *M& M Mach. Shop v. State Farm Fire & Cas. Co.,* 06-10450, 2007 U.S. Dist. LEXIS 7277 * 5 (E.D. La. Feb. 1, 2007) (Feldman, J.) citing to *Buras v. Birmingham Fire Ins. Co. of Penn.*, 327 F.2d 238, 238-239 (5th Cir. 1964) (finding that penalties could serve to establish jurisdiction). Plaintiffs' policy provides limits of $487,346. State Farm has made no payment on the claim.

10.

Plaintiffs claim entitlement to penalties in the amount of $54,090.00 as well as attorneys' fees in Paragraphs 11 and 12 of the petition as follows:

> State Farm's conduct in its denial of petitioners' claim violates the duty owed by State Farm to its insureds of good faith and fair dealing. State Farm has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured. State Farm breached these duties by knowingly misrepresenting pertinent facts and insurance provisions relating to coverages at issue. State Farm is therefore liable unto petitioners for penalties assessed in an amount not to exceed two times the damages sustained, or $54,090.00.

> Based upon the foregoing, petitioners seek reimbursement from State Farm for the full amount of actual damages in the amount of $27,045.00, plus punitive damages in the additional amount of $54,090.00, plus all court costs, expert witness fees, contractual interest, legal interest, attorneys fees, and/or other amounts to which they may be entitled as provided by law.

See Exh. A. Petition ¶ 11-12.

Plaintiffs are thus setting forth a claim under La. R.S. 22:1892 and La. R.S. 22:1973, the bad faith statutes. "Statutory penalties are considered by courts of the Fifth Circuit in the determination

4

of whether a plaintiff's claim meets the amount in controversy requirements." See *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

12.

While State Farm admits no liability nor any element of damages, State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs as it is facially apparent from the petition that the claims are likely above $75,000.

13.

State Farm is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois and is therefore domiciled in the State of Illinois. Plaintiffs Sol and Jacqueline Gothard are domiciled in the Parish of Jefferson residing at 5213 Haring Court, Metairie, Louisiana. (See Exh. A. ¶1.)

14.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## III.    STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

15.

State Farm was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on February 2, 2015. The Secretary of State forwarded the Petition to State Farm by certified mail on February 3, 2015. The petition was received by

State Farm at its Baton Rouge Operations Center on February 4, 2015. (*See* Exhibit A Service of Process Return on Louisiana Secretary of State and State Farm.)

16.

This Notice of Removal is filed within thirty (30) days after first receipt by State Farm of a copy of the initial pleading setting forth the claim or relief upon which this action is based and is therefore timely under 28 U.S.C. § 1446(b).

17.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a) (2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

18.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19.

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings served on State Farm to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Edward Gothard, counsel for the Plaintiffs, and filed by facsimile transmission with Jon Gegenheimer, Clerk of Court for the 24th Judicial District Court,

Parish Of Jefferson, State of Louisiana.  No other process, pleadings, or orders have been served upon State Farm.

20.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted

/s/ Adrianne L. Baumgartner

**ADRIANNE L. BAUMGARTNER (#2861) T.A.**
**DARRIN M' O'CONNOR (#24582)**
**EMILY S. MORRISON (#18351)**
**PORTEOUS, HAINKEL & JOHNSON, LLP**
408 N. Columbia Street
Covington, Louisiana 70433
(985) 893-4790 Telephone
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**Counsel for State Farm Fire and Casualty**
**Company**

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 4th day of March, 2015 a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

**Counsel for Plaintiffs  Sol and Jacqueline Gothard**
Edward P. Gothard
Nowalsky & Gothard
1420 Veterans Memorial Blvd.
Metairie, Louisiana 70005

**Clerk District Court (Fax Filing 504-364-3780)**
Mr. Jon A. Gegenheimer
Jefferson Parish Clerk of Court
Post Office Box 10
Gretna, Louisiana 70054-0010



**/s/ Adrianne L. Baumgartner**